UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENN DUCKWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-CV-279-B-W |
| | ) | |
| MID-STATE MACHINE PRODUCTS, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON RULE 56(f) MOTION**

Plaintiff Glenn Duckworth seeks an order that dismisses or defers Defendant Mid-State Machine Products' motion for partial summary judgment, so that he can have an opportunity to conduct depositions before opposing the dispositive motion. (Doc. Nos. 14 & 18). The Court referred the matter and I now order Mr. Duckworth to oppose that portion of the motion for partial summary judgment that raises the time bars set out in 29 U.S.C. § 626(d)(1) and 5 M.R.S. §§ 4611, 4613(2)(C). The response-deadline stay entered September 22, 2009, will remain in effect with regard to the issue of whether Mr. Duckworth qualified as an applicant. In these respects I am granting in part the motion to stay and denying the motion to dismiss the pending motion for partial summary judgment.

**Background**

Glenn Duckworth worked for Mid-State Machine Products (MSMP) between 1995 and 2002 and lost his job as a consequence of a reduction in force. According to the complaint, Mr. Duckworth sought work from MSMP again in 2005, but was not hired. (Compl. ¶ 18.) A few weeks later, unbeknownst to Mr. Duckworth, MSMP hired a younger and less experienced

person to a position that Mr. Duckworth once held. (Id. ¶ 19.) In 2006 and 2007, MSMP again hired young and less experienced persons to fill such positions. (Id. ¶¶ 20-21.) Finally, in April of 2008, MSMP personnel interviewed Mr. Duckworth for a position, but allegedly indicated they were looking for someone who would be in the position for a long time. MSMP passed up the opportunity to hire Mr. Duckworth and hired a young and less experienced person instead. (Id. ¶¶ 25-27.) Mr. Duckworth filed an administrative charge of age discrimination and, during the ensuing agency investigation, he learned of the hires in 2005, 2006, and 2007. After obtaining this information, on or about March 27, 2009, Mr. Duckworth amended his then pending charge of discrimination to allege that he was excluded from consideration for the 2005, 2006, and 2007 hires based on age discrimination. (Am. Charge of Discrimination, Doc. No. 14-2.) Fast forward to the instant litigation.

On September 10, 2009, MSMP filed a motion for partial summary judgment (Doc. No. 10). The motion for partial summary judgment is designed to remove the 2005, 2006, and 2007 hiring decisions from the case, leaving only the 2008 hiring decision as a potential basis for liability. There are primarily two grounds for MSMP's motion for partial summary judgment. The first argument is that Mr. Duckworth cannot sue over the 2005, 2006, and 2007 employment decisions because they were all internal transfers and Mr. Duckworth was therefore not a qualified applicant.[1] The second argument is that Duckworth cannot sue over the earlier employment decisions because he failed to timely pursue an administrative charge and the claims are necessarily time barred. (Def.'s Mot. for Partial Summary J. at 2.)

---

[1] By comparison, the 2008 opening for a gauge control technician was advertised externally.

2

Mr. Duckworth has not yet submitted a proper summary judgment opposition. Instead, Mr. Duckworth filed a "motion to stay or dismiss" the pending motion for partial summary judgment pursuant to Rule 56(f). Given the early stage of the proceedings,[2] the stay portion of the motion was granted in the absence of any objection, so that the Court might consider Mr. Duckworth's Rule 56(f) proffer before requiring him to formally oppose MSMP's motion in accordance with the dictates of Local Rule 56. (See Doc. Nos. 14, 15 & 19.)

## Discussion

Federal Rule of Civil Procedure 56(f) provides as follows:

> (f) When Affidavits Are Unavailable. If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

In order to push back a summary judgment motion, the party relying on Rule 56(f) bears the burden of showing:

> (i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007).

Upon review of Mr. Duckworth's papers, it is evident that his request for additional discovery concerns only the issue of whether he was a qualified applicant in 2005, 2006, and

---

[2] The discovery deadline in this case is December 17, 2009. (Sched. Order, Doc. No. 7.)

2007.[3] His proposed discovery does not promise to shed any new light on the separate issue of whether he failed to timely pursue administrative remedies or this civil action. Assuming Mr. Duckworth could fairly be regarded as an applicant for a position at MSMP between 2005 and 2008, the question of whether he can maintain claims for failure to hire in those years if he failed to timely pursue administrative remedies or litigation is an entirely separate issue. Because Mr. Duckworth's Rule 56(f) proffer is focused entirely on the applicant issue, his papers fail to justify a deferral of the timeliness issue. From a summary judgment perspective, the legal question of timeliness trumps the factual question of whether or not Mr. Duckworth was an applicant. Consequently, I now lift the stay entered September 22, 2009 (Doc. No. 19), in part, and order Mr. Duckworth to respond to the timeliness issue raised in the summary judgment motion by November 18, 2009. The response deadline with respect to the more fact-intensive "applicant" issue will remain stayed pending determination of the timeliness concern.[4]

## Conclusion

Because the circumstances do not call for a dispositive determination at this time, Plaintiff's Rule 56(f) motion is addressed by means of an order issued pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiff's is hereby ORDERED to respond to that portion of Defendant's Motion for Partial Summary Judgment that is addressed to the issues of time bars imposed on the

---

[3] With respect to 2005, there appears to be some prospect that Mr. Duckworth could fairly be regarded as an applicant for a position as a gauge control technician as much as Mr. Leadbetter could be regarded as an applicant for that position. It seems plausible that testimonial evidence may exist that would support a finding that both Mr. Leadbetter and Mr. Duckworth were "external" applicants and that the relevant hiring officials understood both men to be potential external hires for the position. Mr. Duckworth is not in a position to establish all of these facts with his own affidavit and his inability to present deposition testimony or other admissible testimonial evidence from MSMP is a function of the early presentation of MSMP's motion for partial summary judgment, well ahead of the discovery deadline.

[4] This Order in no way restricts Mr. Duckworth's entitlement to discovery concerning the hires/transfers in 2005, 2006, and 2007. He clearly is entitled to such discovery because "discriminatory acts or practices that predate . . . the actionable period can be used as relevant background evidence." Ingram v. Brink's, Inc., 414 F.3d 222, 229 (1st Cir. 2005) (citing Rathbun v. Autozone, Inc., 361 F.3d 62, 76 (1st Cir. 2004)).

presentation of administrative charges and the filing of civil actions. The stay placed on the running of Plaintiff's response deadline (Doc. No. 19), will otherwise remain in effect pending further developments.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

October 28, 2009                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge